IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THERESA LACEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 14-1837 |
| v. | * | |
| | * | |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |
| ************ | | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION TO DISMISS</u>**

Theresa Lacey ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. Before the Court is Defendant's Motion to Dismiss (ECF No. 23). No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 23) is **GRANTED**.

**I**

**<u>Background</u>**

On June 9, 2014, represented by counsel, Plaintiff filed an Amended Complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. On April 1, 2015, the Court granted Plaintiff's counsel's motion to withdraw. On April 16, 2015, the Court approved Defendant's proposed scheduling order directing Plaintiff to file a motion for

summary judgment by no later than July 1, 2015. After the deadline passed with no action by Plaintiff, on August 27, 2015, the Commissioner moved for the Court to dismiss the case under Fed. R. Civ. P. 41(b) because of Plaintiff's failure to prosecute and to comply with the Court's scheduling order. Alternatively, the Commissioner requested an extension of time to file her motion for summary judgment. On September 2, 2015, the Clerk of Court notified Plaintiff via mail that she had seventeen days to file a response to Defendant's Motion to Dismiss and that failure to file a timely written response could lead to dismissal of the case or to entry of judgment against her without further notice. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam). On September 11, 2015, the case was reassigned to the undersigned. To date, Plaintiff has filed neither a motion for summary judgment nor a response to Defendant's Motion to Dismiss. The matter is now fully submitted.

## II

### Discussion

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89 (1962) (noting that federal courts have inherent power to dismiss action for failure to prosecute either *sua sponte* or on party's motion). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than

2

dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); *see Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In considering the *Chandler* factors, the Court finds that the first factor weighs in favor of dismissal. Plaintiff is proceeding *pro se* and bears responsibility for failing to prosecute this action. She failed to comply with the Court's April 2015 scheduling order and to respond to Defendant's Motion to Dismiss despite the Clerk's *Roseboro* notice.

Moreover, as Plaintiff appears to have abandoned her claim, her failure to prosecute has rendered Defendant unable to address the merits of her claim. As a result, Defendant suffers prejudice by her inability to litigate the matter at all. The second factor, therefore, also favors dismissal.

Further, with respect to the third factor regarding the pattern of Plaintiff's conduct, her delay of nearly three months suggests that the Court should expect only further delay should the case proceed. The Court cannot further analyze the substance of Plaintiff's claim because of her failure to submit dispositive motions and her apparent abandonment of her claim. Finally, with regard to the fourth factor, given the considerable passage of time with no response from Plaintiff, there is no alternative sanction short of dismissal that would be appropriate in this case. Because of Plaintiff's *pro se* status and the severity of dismissal with prejudice, the matter is **DISMISSED WITHOUT PREJUDICE**. *See Payne ex rel. Estate of Calzada v. Brake*, 439

F.3d 198, 204 (4th Cir. 2006) (noting that Rule 41(b) sets forth nothing more than default rule for dismissal with prejudice and that court has discretion to specify otherwise).[1]

### III

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 23) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**. A separate order shall issue.

Date: September 22, 2015                              /s/
                                               Thomas M. DiGirolamo
                                               United States Magistrate Judge

---

[1] The Court notes, however, that, should the applicable statute of limitations act as a bar to the refiling of this action by Plaintiff, her own dilatory conduct would render practically the dismissal as one with prejudice. *See, e.g.*, *Brickey v. Astrue*, No. 3:12CV311-HEH, 2012 WL 5038333, at *2 (E.D. Va. Sept. 26, 2012), *report and recommendation adopted*, No. 3:12CV311-HEH, 2012 WL 5038238 (E.D. Va. Oct. 18, 2012).